899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry LEE, Defendant-Appellant.
 No. 89-5857.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1990.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 88-00041, Bertelsman, D.J.
 E.D.Ky.
 AFFIRMED.
 Before KENNEDY and RYAN, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Terry Lee was sentenced to a term of seventy months and a period of three years of supervised release for his involvement in a conspiracy to commit a robbery in violation of 18 U.S.C. Sec. 1951(A). He appeals his sentence on the grounds that the District Court erred in adopting the Magistrate's Report and Recommendation as the findings of fact and conclusions of law of the court. Specifically, defendant appeals the assessment of a two level increase of his sentence due to his willful obstruction or impeding of proceedings pursuant to Sentencing Guideline Sec. 3C1.1. Defendant further objects to the court's failure to decrease his offense level by two levels for acceptance of responsibility pursuant to Sentencing Guideline Sec. 3E1.1. We find both of defendant's contentions to be without merit and, accordingly, we AFFIRM the District Court's judgment.
 
 
 2
 After entering guilty pleas, Rogers, Ranson and Lee, the three defendants before the District Court, returned to the Boone County Detention Center. Under the supervision of John Fey, defendants changed from street clothing to jail clothing in a locker room immediately adjacent to a conference room. Occupants of the conference room are visible through a 10" by 12" window located in the upper portion of a metal door. On this occasion, Angel Miller, a previous codefendant in the indictment, was sitting in the room with Secret Service Agent Melchiorre. Miller, who had pled guilty to related offenses, was now cooperating with the government.
 
 
 3
 Fey testified at the evidentiary hearing that as he was moving the defendants from the locker room back to their cells, they walked past the conference room and upon seeing Miller began tapping their fingers on the glass window and pointing at her. Then Rogers said to Miller, "Because of you, bitch, we got two years." Joint App. at 62. Ranson then commented, "Yeah, two years, bitch." Joint App. at 63. Fey was unable to determine whether Lee spoke, and if he did, what he stated.
 
 
 4
 Melchiorre testified that in the course of talking with Miller in the conference room, he heard a pecking or tapping sound. Upon looking up at the door window, he saw the three defendants who were simultaneously saying to Miller, "Because of you, bitch, we got two years and in a couple of years we're going to get your ass, girl." Joint App. at 79. Melchiorre testified that he immediately reduced these words to writing on the back of a manilla envelope. He then asked Miller if she had heard the same words that he had written down, and she confirmed the contents of his written statement. Melchiorre asked her if she interpreted the words to be a threat, and she replied, "Yes."
 
 
 5
 In his presentence report and the Magistrate's Report and Recommendation, defendant was assessed a two-level increase for willfully obstructing or impeding proceedings pursuant to section 3C1.1(d) of the Sentencing Guidelines. As a result of the imposition of this adjustment, the reports did not allow the defendant a two-level downward adjustment of his offense level calculations for acceptance of responsibility pursuant to section 3E1.1 of the Guidelines. Defendant appeals the District Court's adoption of these two determinations.
 
 
 6
 Defendant first argues that the District Court erred in allowing the assessment of a two-level increase for obstructing or impeding proceedings pursuant to Guideline section 3C1.1. This section states:
 
 
 7
 Willfully Obstructing or Impeding Proceedings
 
 
 8
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.
 
 
 9
 United States Sentencing Commission, Guidelines Manual [hereinafter U.S.S.G.], Sec. 3C1.1 (Nov.1989).
 
 The commentary states in part:
 
 10
 The following conduct, while not exclusive, may provide a basis for applying this adjustment:
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 (d) threatening, intimidating or otherwise unlawfully attempting to influence a co-defendant, witness, or juror, directly or indirectly....
 
 
 14
 U.S.S.G. Sec. 3C1.1, comment (n. 1(d)).
 
 
 15
 Defendant argues that whether he made a statement at the window outside of the conference room is a disputed question of fact. He asserts that the District Court committed legal error in failing to apply the commentary to section 3C1.1 noting that disputed factual testimony is to be resolved in favor of the defendant. This commentary states, "In applying this provision, suspect testimony and statements should be evaluated in a light most favorable to the defendant." U.S.S.G. Sec. 3C1.1, comment. (n. 2).
 
 The Magistrate, however, stated:
 
 16
 Melchiorre and Fey gave identical testimony and recalled verbatim the first statements unequivocally directed at Miller. Agent Melchiorre also heard the threatening language, "In a couple of years we're going to get your ass, girl," and because Fey did not hear this threat, Rogers sees a discrepancy between the government's two witnesses. When this unexpected incident occurred, Fey's primary duty was the safe escorting of the three defendants from the locker room to their cells. None of the participants/witnesses at this scene anticipated seeing each other, and it is understandable that Fey became alarmed when the three defendants stopped and began gesturing at Miller. Fey's instructions were to keep these specific prisoners separated, and he was repeatedly ordering the three defendants to move along while at the same time they were jointly uttering threats to Miller. There is no discrepancy between the testimony of Melchiorre and Fey, only a filling in of the blanks.
 
 
 17
 Joint App. at 35-6.
 
 
 18
 The District Court reviewed de novo the testimony of Melchiorre and Fey, and determined that the evidence supported the assessment of a two-level increase in defendant's guidelines calculation. Defendant did not raise the specific objection he raises here. However, the testimony of the two government witnesses to the incident was reconciled by the magistrate. We do not believe that the testimony, so reconciled, can be categorized as suspect. There is sufficient evidence in the record to allow the sentencing judge to conclude that defendant obstructed the administration of justice. His determination was not clearly erroneous.
 
 
 19
 Defendant also argues that section 3C1.1 is not applicable to him as a matter of law because his case was concluded, and thus he cannot be said to have impeded proceedings "during the investigation or prosecution of the instant offense." U.S.S.G. Sec. 3C1.1. With respect to this contention, the Magistrate stated:
 
 
 20
 The defendants contend that the above section does not apply because at this stage of the proceedings, i.e. sentencing, the "instant offense" no longer applied. However, as far as these three defendants were concerned, the most important phase of the criminal proceedings was yet to be completed; namely, the sentencing. In giving examples of the conduct to be applied under this section, the Application Notes in subparagraph (d) refer to "threatening, intimidating, or otherwise unlawfully attempting to influence a co-defendant, witness, or juror, directly or indirectly." The actions of these three defendants toward Miller ... fall squarely within that proscribed conduct.
 
 
 21
 Joint App. at 35.
 
 
 22
 Upon considering this argument de novo, the District Court agreed with the Magistrate. We agree with the Magistrate and the District Court that the language "during the investigation or prosecution of the instant offense" does not exclude the time period after the entry of a plea but before sentencing.
 
 
 23
 Defendant next contends that as a result of the District Court's determination that he obstructed the administration of justice, he was erroneously penalized by a denial of a two-level decrease for acceptance of responsibility pursuant to section 3E1.1, which states in part:
 
 Acceptance of Responsibility
 
 24
 (a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.
 
 
 25
 * * *
 
 
 26
 * * *
 
 
 27
 (c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.
 
 
 28
 U.S.S.G. Sec. 3E1.1.
 
 
 29
 The commentary to this section notes, "Conduct resulting in an enhancement under Sec. 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1, comment (n. 4). Because we agree with the District Court that conduct resulting in an enhancement under section 3C1.1 occurred in this case, we find that the court's denial of a two-level decrease in defendant's offense level was proper.
 
 
 30
 Accordingly, we AFFIRM the decision of the District Court.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Court for the Northern District of Ohio, sitting by designation